IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALONZO TRAYLOR, ID # 611811,<br>    Petitioner, | )<br>) |
| vs. | )   No. 3:05-CV-0413-L |
| | ) |
| DOUGLAS DRETKE, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>    Respondent. | )<br>)<br>)<br>) |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I.  BACKGROUND

**A.  Nature of the Case:**  This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**B.  Parties**:  Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

**C.  Procedural History:**  Petitioner challenges his March 26, 1992 conviction and resulting thirty-five year sentence for possession of cocaine with intent to deliver. (*See* Pet. Writ Habeas Corpus (Pet.) at 2.) This is his fourth federal petition for writ of habeas corpus challenging that conviction. *See Traylor v. Dretke*, No. 3:04-CV-2432-H (N.D. Tex.) (Pet. received Nov. 3, 2004); *Traylor v. Dretke*, No. 3:04-CV-1315-D (N.D. Tex.) (Pet. received June 10, 2004); *Traylor v. Dretke*, No. 3:03-CV-0421-G (N.D. Tex.) (Pet. received Feb. 27, 2003). On September 12, 2003, the Court

denied the first petition on its merits. *See Traylor*, No. 3:03-CV-0421-G (Judgment and Order dated Sept. 12, 2003). On July 12, 2004, and November 30, 2004, the Court dismissed the second and third petitions as successive. *See Traylor*, No. 3:04-CV-2432-H (Judgment and Order dated Nov. 30, 2004); *Traylor*, No. 3:04-CV-1315-D (Judgment and Order dated July 12, 2004).

In the instant petition, petitioner asserts twelve grounds for relief. (Pet. at 7-12B.) He concedes that he previously filed federal habeas petitions attacking the same conviction at issue in this action. (*See id.* ¶ 11.) In addition, he concedes that he previously raised in his prior petitions the first ten grounds for relief asserted in the instant petition. (*Id.* ¶ 22.) In the two new claims, Claims 11 and 12, petitioner alleges juror misconduct in finding him guilty on police testimony and illegality of his sentence due to the juror misconduct, respectively. (*Id.* at 12B.)

Because petitioner has filed previous federal petitions, the Court must determine whether the instant petition is a second or successive application within the meaning of 28 U.S.C. § 2244(b).

## II. SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003), *cert. denied*, 540 U.S. 910 (2003); *accord*, *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).[1] A petition that is literally second or successive,

---

[1] Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision. *See* 211 F.3d at 864 n.4. In the present context, this Court also finds it appropriate to make no distinction between cases

2

however, is not necessarily a second or successive application for purposes of the AEDPA. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). In *Stewart*, the Supreme Court declined to construe an application as second or successive when it followed a previous dismissal due to prematurity or lack of exhaustion. *Id.* "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

In this case, petitioner's previous petitions were not dismissed because of any prematurity or lack of exhaustion. Under *Orozco-Ramirez* and *Crone*, petitioner therefore was required to present all available claims in his first federal petition:

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

*Orozco-Ramirez*, 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Petitioner has challenged his 1992 drug conviction in three prior federal petitions. Herein, he challenges the same conviction and asserts ten grounds for relief which he previously raised in his prior petitions. With regard to the two new claims, there is no apparent reason why he could not have raised the instant claims concerning juror misconduct in his first petition. Because the instant petition raises claims that petitioner could have raised in his first petition, the petition is successive within the meaning of 28 U.S.C. § 2244(b).

---

decided under § 2255 and those under § 2254.

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B). The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief.

Although it is appropriate for the Court to dismiss the instant successive § 2254 petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, it is also appropriate in some circumstances to transfer the successive petition to the Fifth Circuit for a determination of whether petitioner should be allowed to file the successive motion in the district court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive petition to the Circuit and establishing procedures in the Circuit to handle such transfers). In this instance, a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer. This Court has

already twice directed petitioner to seek leave from the Fifth Circuit to file a second or successive petition.  By filing yet another successive petition for writ of habeas corpus without first obtaining leave from the Fifth Circuit, petitioner has abused the judicial process.

### III.  SANCTIONS

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.*  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).  "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period.  Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

This is the fourth time petitioner has tried to collaterally attack his 1992 conviction in federal court.  The Court has twice before directed petitioner to seek leave to file a second or successive petition from the Fifth Circuit.  Despite such direction, petitioner proceeded to file two additional second or successive petitions in this Court (including the instant one) without first obtaining the required authorization.  It therefore appears appropriate to bar petitioner from pursuing any further federal habeas actions challenging his 1992 conviction except upon a showing that the Fifth Circuit Court of Appeals has granted leave to file a successive petition.  If he files another such action

5

without the requisite leave from the Fifth Circuit, the action will be subject to summary dismissal. In addition, if he persists in filing, without leave of the United States Court of Appeals for the Fifth Circuit, further habeas corpus proceedings arising from his 1992 conviction, he will be subject to the imposition of further sanctions, including monetary sanctions payable to the Court.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED without prejudice** pending review by a three-judge panel of the court of appeals.  The Magistrate Judge further recommends that petitioner be barred from pursuing any further federal habeas actions challenging his 1992 conviction for possession of cocaine with intent to deliver, except upon a showing that the Fifth Circuit Court of Appeals has granted leave to file a successive petition.  Such bar means that, if petitioner files another such action without authorization by the Fifth Circuit, the action will be subject to summary dismissal.  In addition, it is recommended that the Court warn petitioner that further sanctions may be imposed if he persists in filing federal habeas actions related to his 1992 conviction without the requisite leave from the Fifth Circuit Court of Appeals.

**SIGNED this 6th day of May, 2005.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE